UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEANNE GRANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAKEFERN FOOD CORP.,<br><br>Defendant. | Civil Action No. 7:21-cv-08590<br><br>**CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1. This is a class action against Wakefern Food Corp. (hereinafter, "Defendant" or "ShopRite") on behalf of its employees that engage in manual work in the course of their employment at Defendant's grocery stores[1] in the State of New York.

2. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner. *See* New York Labor Law ("NYLL"), Article 6, §191.

3. On information and belief, Defendant has received no such authorization from the New York State Department of Labor Commissioner.

4. The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Ventri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5. Defendant has violated and continues to violate this law by paying its manual

---

[1] Specifically, employees of grocery stores owned by Defendant within New York, including but not limited to various ShopRite, Price Rite, and Gourmet Garage locations.

workers every other week rather than on a weekly basis.

6. Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on behalf of herself and a putative class comprised of all manual workers employed by Defendant in New York State over the last six years.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York. Defendant owns and operates numerous ShopRite grocery store locations throughout New York.

8. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

10. Defendant Wakefern Food Corp. is a New Jersey corporation with a principal place of business in Keasbey, New Jersey. Defendant owns and operates a subsidiary chain of grocery stores that employs hundreds, if not thousands, of manual workers in the State of New York.

11.     Plaintiff Jeanne Grant is a citizen of New York who resides in Cold Spring, New York. Plaintiff was employed by Defendant as a clerk in ShopRite's deli department and as a cashier from 2015 to 2020 at a ShopRite store located in Croton, New York. At least 25% of Plaintiff's job responsibilities at ShopRite consisted of manual labor, including tasks such as stocking shelves, cleaning, assisting customers with deli orders, preparing and wrapping food, and tending the cash register. Plaintiff was paid every other week, rather than weekly, during the entirety of her employment with Defendant.

## CLASS ACTION ALLEGATIONS

12.     Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons who engaged in manual work during their employment for Defendant in the State of New York from six years preceding this Complaint to the date of class notice in this action (the "Class").

13.     Plaintiff also seeks to represent a subclass defined as all persons who engaged in manual work during their employment at ShopRite locations owned by Defendant in the State of New York[2] from six years preceding this Complaint to the date of class notice in this action (the "Subclass").

14.     Members of the Class and Subclass are so numerous that their individual joinder

---

[2] This includes ShopRite employees of the following ShopRite locations within New York: ShopRite of Albany, ShopRite of Bedford Hills, ShopRite of Carmel, ShopRite of Chester, ShopRite of Clark, ShopRite of Colonie, ShopRite of Croton, ShopRite of Ellenville, ShopRite of Fishkill, ShopRite of Greenway, ShopRite of Fairview (Hudson), ShopRite of Kingston, ShopRite of Langrangeville, ShopRite of Liberty, ShopRite of Middletown, ShopRite of Monroe, ShopRite of Montague, ShopRite of Montgomery, ShopRite of Monticello, ShopRite of New Paltz, ShopRite of New Rochelle, ShopRite of Newburgh, ShopRite of Niskayuna, ShopRite of North Greenbush, ShopRite of Peekskill, ShopRite of Poughkeepsie, ShopRite of Scarsdale, ShopRite of Slingerlands, ShopRite of Spotswood, ShopRite of Thornwood, ShopRite of Tuckahoe, ShopRite of Vailsgate, ShopRite of Wallkill, ShopRite of Warwick, and ShopRite of White Plains.

herein is impracticable. On information and belief, members of the Class and Subclass number in the thousands. The precise number of Class and Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class and Subclass members may be notified of the pendency of this action by mail and/or publication through the employment records of Defendant.

15. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class and Subclass members. Common legal and factual questions include, but are not limited to: whether Defendant was required to pay Class and Subclass members on a weekly basis, whether Class and Subclass members were paid on a weekly basis, and whether Defendant violated NYLL § 191.

16. The claims of the named Plaintiff are typical of the claims of the Class and Subclass in that the named Plaintiff worked as a manual worker for Defendant during the class period but was not provided with compensation for her work on a weekly basis.

17. Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class and Subclass members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class and Subclass members will be fairly and adequately protected by Plaintiff and her counsel.

18. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class and Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial

system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

## COUNT I

### New York Labor Law – Failure to Pay Timely Wages

19. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

20. The timely payment of wages provisions, NYLL § 191, and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

21. Defendant failed to pay Plaintiff, the Class, and Subclass on a timely basis as required by NYLL § 191(1)(a).

22. Due to Defendant's violations of the NYLL, Plaintiff, the Class, and Subclass are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

    a.    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Plaintiff's

  attorneys as Class Counsel to represent the Class and Subclass members;

b.   For an order declaring Defendant's conduct violates the law referenced herein;

c.   For an order finding in favor of Plaintiff, the Class, and Subclass on the count asserted herein;

d.   For liquidated damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded; and

f.   For an order awarding Plaintiff, the Class, and Subclass their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: October 19, 2021         Respectfully Submitted,

                 **BURSOR & FISHER, P.A**

                 By:  */s/ Yitzchak Kopel*
                    Yitzchak Kopel

                 Yitzchak Kopel
                 Alec M. Leslie
                 888 Seventh Avenue
                 New York, NY 10019
                 Telephone: (646) 837-7150
                 Facsimile: (212) 989-9163
                 Email: ykopel@bursor.com
                     aleslie@bursor.com

                 *Counsel for Plaintiff*